**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JOHNNY F. HOWARD,

    Plaintiff,

-vs-                                                Case No.  8:04-CV-312-T-30TBM

CAL HENDERSON, et al.,

    Defendants.
_____/

**ORDER**

Before the Court is Plaintiff's Motion for Temporary Restraining Order (Dkt. 58). Plaintiff is currently held in administrative segregation at the Falkenburg Road Jail, Tampa, Florida, ("FRJ") awaiting a hearing on an application for state post-conviction relief.  Counsel has been appointed to represent Plaintiff in that proceeding.

The crux of Plaintiff's complaint is that FRJ personnel strictly enforce the rules governing access to the FRJ's law library and the nature and quantity of property an inmate can keep inside his cell, as well as the facility's property storage policy. According to Plaintiff, the space allotted to a prisoner placed in administrative segregation is insufficient to accommodate his collection of legal materials, which is "essential and necessary . . . to pending *pro se* court actions."[1] Plaintiff contends that Defendants are enforcing FRJ's rules and policies in retaliation against him for filing numerous grievances and *pro se* court actions, none of which appear to be the subject of this litigation.

---

[1] While Plaintiff fails to disclose the nature of these "*pro se*" actions, documents found during the October 15, 2005 search of Plaintiff's cell and statements he allegedly made relative thereto to jail personnel during the search indicate that Plaintiff is providing legal assistance to fellow inmates.  *See* Dkt. 58, Ex. C.

Plaintiff also complains that he was placed in the "screamer" housing unit "utilized for housing those inmates who poses [sic] a substantial security risk to staff and other inmates." According to Plaintiff, the "screamers" "holler, kick and bang on cell doors[,] walls, and windows." Dkt. 58 at 9.

Plaintiff was assigned a cell that adjoined cells occupied by inmates Aurn Altman Hall and Stanley Luis Carter, respectively. According to Plaintiff, Inmate Hall appeared at Plaintiff's open cell door on October 14, 2005. When Inmate Hall made a threatening gesture toward Plaintiff, he responded by attempting to "push and shove" Inmate Hall out of the cell doorway. Inmate Hall then wrapped his arms around Plaintiff in a "bear hug," and a struggle ensued that culminated in Plaintiff fighting to free himself from a headlock.

No jail official was present when the altercation began. According to Plaintiff, it was "three to four minutes" before anyone arrived at the cell to assist him. When Plaintiff and Inmate Hall failed to respond to voice commands, they were sprayed with a chemical agent. Once the two inmates were separated, Plaintiff was taken to the medical facility for an examination. He was then decontaminated and returned to his cell. Plaintiff does not report suffering any injuries as a result of the altercation.

According to Plaintiff, he was relocated to another "segregation housing unit" on October 16, 2005. Plaintiff has not shown any immediate risk of substantial or irreparable harm.

Despite having been previously warned that the Court would strike and disregard documents filed without a certificate of service, Plaintiff failed to file a certificate of service with the present motion. A review of the docket reveals that this has been an on-going problem in this case, *see* Dkts. 20; 34; 35; 36; 38; & 41. Plaintiff is aware of the form and

content of a certificate of service, *see* Dkt. 32 at 3.  Plaintiff's "good faith efforts to serve notice to all Defendants via inter-departmental mailing system" by attaching "a notice of temporary restraining order and preliminary injunction to individual inter-departmental jail detention forms" is not sufficient to satisfy the service requirement since Plaintiff was aware that the Defendants are represented by counsel. *Id.* at 4.  *See* Fed. R. Civ. P. 5(b). Plaintiff is required to comply with the Federal Rules of Civil Procedure.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Nelson v. Barden*, 2005 WL 1901766, at *7 n.10 (11th Cir. Aug. 10, 2005) (holding that a litigant's "*pro se* status in civil litigation generally will not excuse mistakes he makes regarding procedural rules.") (citation omitted); *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that "once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

ACCORDINGLY, the Court **ORDERS** that the **Clerk** shall **STRIKE** Plaintiff's Motion for Temporary Restraining Order (Dkt. 58).

**DONE** and **ORDERED** in Tampa, Florida on October 26, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties of Record

SA:jsh