**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**


JOHNNY F. HOWARD,

      Plaintiff,

-vs-                                                                  Case No.  8:04-CV-312-T-30TBM

CAL HENDERSON, et al.,

      Defendants.

_____/

## <u>ORDER</u>

Plaintiff initiated this cause of action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1).  In an amended complaint filed on February 7, 2005, Plaintiff names Hillsborough County, Unknown Deputy Smith, Deputy Anthony Brown, Sergeant George Covais, Lieutenant Clifford Brown, Lieutenant Waltroud Addison, Colonel David Parrish, Anne McGuy, Marilyn Hall, and Sheriff Cal Henderson as defendants (Dkt. 36).

Pending before the Court are motions to dismiss the amended complaint (Dkt. 37 and 39) and Plaintiff's opposition thereto (Dkts. 42 and 56), Plaintiff's Motion for Appointment of Counsel (Dkt. 60), and a memorandum of law filed in support thereof (Dkt. 61).

Defendants move for dismissal of the amended complaint under Fed. R. Civ. P. 12(b)(6), asserting that the complaint fails to state a claim upon which relief can be granted.  Before addressing the issues raised in the respective motions, the Court has an independent duty to review the complaint to ensure Plaintiff has fully exhausted all of his claims.  *See* 42 U.S.C. § 1997e(a); *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204,

1209-10 (10th Cir. 2003) (finding that the PLRA's exhaustion requirement is not an affirmative defense, but rather must be pled by the inmate in his complaint and verified via written documentation, and failure to do so is tantamount to failing to state a claim upon which relief may be granted); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.) (finding that if not raised by the defendant, district courts should *sua sponte* enforce the exhaustion requirement for actions brought by prisoners challenging prison conditions), *cert. denied*, 525 U.S. 833 (1998).

### Background

Plaintiff and Edward Diaz, inmates in the Florida penal system, were housed at the Morgan Street Jail, Tampa, Florida ("MSJ"), awaiting disposition of their respective requests for state post-conviction relief. According to Plaintiff, Inmate Diaz was a "special needs" inmate who had been found to be either mentally ill or incompetent (Dkt. 36 at 14). On October 23, 2003, Inmate Diaz and Plaintiff were inside Plaintiff's assigned cell when Inmate Diaz attacked Plaintiff without provocation.  During the attack, Plaintiff was rendered unconscious and suffered an injury to his jaw, a broken arm, and lacerations to his face that required several stitches to close. After Plaintiff regained consciousness, Defendants Dep. Brown and Smith escorted him to the medical unit for treatment. Prior to exiting the cell, Plaintiff attempted to retrieve his personal property and legal materials. Defendants Dep. Brown and Smith instructed Plaintiff to leave his personal belongings inside the cell.

Plaintiff was transferred from the MSJ to the Orient Road Jail ("ORJ") and placed in administrative confinement the following day. As a precautionary measure, Defendant Covais had an order entered directing that Plaintiff and Inmate Diaz be kept separate.

According to Plaintiff, some of his personal belongings and legal materials left in the cell when he was taken to the medical unit were not returned to him.

On October 29, 2003, Plaintiff submitted Inmate Grievance No. 2003ORJS0551 complaining that he was "attacked without provocation by a mentally incompetent inmate" (Dkt. 36, Attach. at 2).  On November 3, 2003, Defendant Lt. Brown responded to Plaintiff's grievance, advising him that "inmates are housed due to their classification. Inmate Diaz was housed in the correct cell, I have no knowledge of his mental state." *Id.* Plaintiff complained in Inmate Grievance No. 2003ORJS0552, submitted on October 29, 2003, that "he was missing his legal materials when he was relocated from Morgan Street."  Plaintiff was advised on October 31, 2003, that his "property was located at MSJ and sent to ORJ on 10/29/03" (Dkt. 36, Attach. at 3).

Plaintiff was returned to the general population on November 2, 2003, where he shared a cell with Inmate Lorenzo Wiles. Plaintiff was told by Inmate Wiles that while confined in a holding cell awaiting a hearing on November 13, 2003, he overheard an inmate who had been housed in the cell with Plaintiff when the altercation with Inmate Diaz occurred state that he had removed a Georgetown Law Journal from Plaintiff's property after Plaintiff was taken from the cell for medical treatment.  Based on this information, Plaintiff filed Inmate Grievance No. 2003ORJN0843 on November 16, 2003, complaining that "his property was not transferred to ORJ from MSJ.  His property (legals) is in the possession of another inmates [sic] according to Howard.  Wants legal material given back to him or prepare for civil liability" (Dkt. 36, Attach. at 4).  The grievance was referred to Defendant Covais, who responded on November 19, 2005: "[t]he inmate[']s

property is located at ORJ 17C. The inventory lists legal materials. The inmate also released legal materials. All inventory has been accounted for" (Dkt. 36, Attach. at 7).

On November 24, 2003, Plaintiff was transported to the Hillsborough County Circuit Courthouse for a hearing in his post-conviction proceedings. Officers escorted Inmate Diaz into the holding cell with Plaintiff. Recognizing Plaintiff, Inmate Diaz again attacked him. Inmate Diaz was restrained by other inmates until a bailiff arrived to accompany Plaintiff to his court appearance. Plaintiff reported the altercation to the judge during his hearing, but did not file a separate grievance.

On December 8, 2003, Plaintiff filed an Inmate Request inquiring about the status of Inmate Grievance Nos. 2003ORJN0843 and 2003ORJS0552, stating "I have not received the final review of the facility commander (a pink copy) and both are overdue for responses" (Dkt. 36, Attach. at 5). Plaintiff was advised: "[y]our grievances (original) were sent to MSJ. I have not received them back, but your property was found. Attached are the computer copies for your records." *Id.*

Using a page of lined paper with a handwritten caption "Hillsborough County Sheriff's Office, Detention Department, Inmate Request Form, Continuation," Plaintiff sought information regarding the status of "previous[ly] filed grievances and request forms" on December 30, 2003 (Dkt. 36, Attach. at 8). He failed, however, to identify the grievances by number, the date filed, or the nature of the complaint(s) presented therein.

In his complaint, Plaintiff asserts that the Defendants failed to take reasonable measures to protect him from violence at the hands of another prisoner, in violation of the Eighth Amendment, and Defendants Dep. Brown, Smith, and Covais were negligent for failing to secure Plaintiff's property following his removal from his cell on October 23,

2004, "resulting in various item [sic] of Plaintiff's personal and legal property being lost or stolen by other inmates housed within the 8-man housing unit." Plaintiff also asserts that the Defendants violated his right to due process by failing to fully address complaints he alleges were raised in the grievances he filed.  *See* Dkt. 36 at 19.  Although he fails to state what relief he seeks in the amended complaint, the Court assumes that Plaintiff has not abandoned his request for compensatory and punitive damages for pain and suffering, mental distress, and physical injuries, as well as compensation for his missing property, as set forth in his original complaint (Dkt. 1 at 14).  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## Standard of Review

Title 28 U.S.C. § 1915(e)(2) provides, in pertinent part, that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The procedure required by § 1915(e)(2) is a screening process, to be applied *sua sponte* and as early as possible in the litigation.

## Discussion

Since Plaintiff alleges that Defendants engaged in conduct which violated §1983, this Court's initial inquiry must focus on the language of 42 U.S.C. §1997e, which sets forth certain threshold requirements which must be satisfied before a prisoner can bring

a §1983 claim.  The Prison Litigation Reform Act ("PLRA") amended 42 U.S.C. §1997e(a)

to read as follows:

> No action shall be brought with respect to prison conditions under section
> 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any
> other Federal law, by a prisoner confined in any jail, prison, or other
> correctional facility until such administrative remedies as are available are
> exhausted.

Entirely eliminating judicial discretion, this provision instead mandates strict exhaustion.

*See Booth v. C.O. Churner*, 532 U.S. 731, 736 (2001).  It is applicable in the present case

because Plaintiff filed his complaint after the PLRA's effective date. *See id*; *see also*

*Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999);  *Alexander v. Hawk*, 159 F.3d

1321, 1324 (11th Cir. 1998). The PLRA's exhaustion requirement "applies to all inmate

suits about prison life, whether they involve general circumstances or particular episodes,

and whether they allege excessive force or some other wrong."  *Porter v. Nussle,* 534

U.S. 516, 532 (2002).

Section 1997e(a) does not say that exhaustion of administrative remedies is

required before a case may be <u>decided</u>, but rather before it may be <u>brought</u>.  42 U.S.C.

1997e(a).  "Congress could have written a statute making exhaustion a precondition to

judgment, but it did not.  The actual statute makes exhaustion a precondition to suit."

*Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 534-35 (7th Cir. 1999).  Further, "[t]he

exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing

administrative procedures would be futile." *Higginbottom v. Carter*, 223 F.3d 1259, 1261

(11th Cir. 2000).

Plaintiff acknowledges that a grievance process was available to resolve problems

prisoners encountered with jail conditions at both the MSJ and the ORJ when the events

about which he complains occurred. In his complaint, Plaintiff states that he "made written complaint with facility staff, alleging Eighth Amendment violations & complaints on loss [sic] or stolen property." According to Plaintiff, his "grievances were denied as unfounded or unresponsive, [sic] by Respondents and facility commander – or not returned completely" (Dkt. 36 at 4).

Plaintiff does not state that he appealed the denial of his grievances, and although he was placed on notice that the "required grievances, appeals, and responses must be submitted to the Court to verify exhaustion" (Dkt. 1 at 2; Dkt. 36 at 2), as discussed below, Plaintiff had not provided any documentation which supports his assertion that his claims are properly exhausted. *See* 42 U.S.C. § 1997e(a). *See also Booth*, 532 U.S. at 741 (exhaustion, <u>including</u> <u>appeal</u> of an unfavorable decision on the inmate's initial grievance, is required even where the State's administrative process could not award him the relief he sought); *Steele v. Federal Bureau of Prisons*, 355 F.3d at 1211 (finding that "[t]o ensure compliance with the statute, a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity.").

The Court takes judicial notice of documents within its files that confirm that there is a grievance procedure available to inmates at the Hillsborough County Jail ("HCJ"). *See Ross v. Clark*, Case No. 8:05-CV-743-T-30TBM (M.D. Fla. 2005), Dkt. 1, Attach. (unnumbered), Hillsborough County Sheriff's Office, Detention Department, Inmate Request Form, dated October 2, 2004, SO (DTN) 5042 (10/98); Hillsborough County Sheriff's Office, Detention Department, Inmate Grievance, dated October 15, 2004, HCDD 5040 Rev. 3/00. *See* Fed. R. Evid. 201. If an HCJ inmate is dissatisfied with the

response he receives to his grievance, he may, within 15 days thereof, file an appeal. *Id.* The HCJ grievance form has duplicate pages that are marked for distribution: white copy to the inmate's file; canary copy to the facility commander; pink copy to the inmate after the facility commander's signature; and goldenrod copy for retention by the inmate when the grievance is filed. *See id.* Since the HCJ's multi-part grievance forms include a copy for the inmate to retain when the grievance is filed, Plaintiff is not being asked to provide anything in support of his claim which was unavailable to him. Likewise, the assertion that he cannot provide documentation that establishes exhaustion "due to Defendants['] failure to provide Plaintiff with the actual hand-written [sic] copies of the grievances" (Dkt. 56 at 3) is unavailing.

In support of his assertion that the claims presented in his complaint are properly exhausted, Plaintiff attached to his complaint copies of three responses he received to grievances he filed at the HCJ. Plaintiff acknowledges, however, that these "computer generated copies of the grievances" he filed to "demonstrate exhaustion of the grievance procedure, [sic] so as to be in compliance with the Prison Litigation Reform Act of 1995" do not relate to the property which is the subject of his complaint (Dkt. 56 at 3; 7).[1] Plaintiff does not assert that HCJ personnel were made aware of the alleged mistake.

Further, the response to Plaintiff's grievance complaining about the October 23, 2003 attack by Inmate Diaz does not demonstrate that Plaintiff exhausted <u>all</u> of the grievance procedures available to inmates in the HCJ. Plaintiff does not explain why he

---

[1]According to Plaintiff, an "inventory of the property stored at the Morgan Street Jail on October 29, 2003, . . . referenced in both grievances, was other property that had been held in storage since September 17, 2003, at the Morgan Street Jail that was not transferred when Plaintiff was relocated on October 24, 2003, to the Orient Road Jail facility. This was not the specific property that was left in the 2NY housing cell unit of which Plaintiff had lodged his complaint about as lost or stolen." Dkt. 56 at 7.

did not appeal Defendant Lt. Brown's response to this grievance. Plaintiff also fails to explain why he did not file a grievance concerning his November 24, 2003 confrontation with Inmate Diaz in the holding cell prior to the hearing on Plaintiff's post-conviction motion.

In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing *Alexander*, 159 F.3d 1326). The Court may not "serve as *de facto* counsel for a party, . . . or . . . rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 136 (11th Cir. 1998).

Plaintiff asserts that Defendants should be required to file the inmate grievance forms he submitted. Exhaustion is, by statute, a <u>precondition</u> to suit, and the burden is on Plaintiff, not the Defendants, to demonstrate that his claims are properly exhausted.

### Conclusion

The Court finds that Plaintiff has failed to establish that he exhausted his administrative remedies on the claims presented in the complaint, as required by §1997e(a). The complaint is, therefore, subject to dismissal for failure to state a claim for which this Court can grant relief. 28 U.S.C. § 1915(e)(2)(B)(ii). *See Rivera v. Allin*, 144 F.3d 719, 727 (11th Cir. 1998) (finding that "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted."). Because § 1997e(a) makes exhaustion a precondition to suit, the defect in the complaint cannot be cured by amendment or discovery. Since the complaint is subject to dismissal based on this procedural bar, the Court need not address

Petitioner's motion for appointment of counsel or the issues raised by Defendants in their respective motions to dismiss.

ACCORDINGLY, the Court **ORDERS** that:

1.    The complaint is **DISMISSED** for failure to exhaust available administrative remedies.  *See* 42 U.S.C. § 1997e(a) and 28 U.S.C. § 1915(e)(2)(B)(ii).

2.    The **Clerk** shall enter judgment accordingly, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 4, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

SA:jsh